**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUMMIT SHEET METAL, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-13-1623 |
| v. | (JUDGE CAPUTO) |
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 44, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Plaintiff Summit Sheet Metal, LLC's ("Summit") Motion to Remand this Action to State Court. (Doc. 4.) Because § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), provides subject matter jurisdiction over this action, Summit's motion to remand will be denied.

**I. Background**

As alleged in its Complaint, Summit and Defendant Sheet Metal Workers' International Association, Local Union No. 44 ("Local 44") are parties to a collective bargaining agreement (the "CBA"). (Doc. 1, Ex. A, ¶ 3.) Summit claims that the CBA expired on April 30, 2013. (*Id*. at ¶ 9.) Under the terms of the CBA, Summit alleges that if it did not intend to renew the letter of assent to the agreement, it was required to notify Local 44 in writing at least thirty (30) days prior to the termination date. (*Id*. at ¶ 4.) Summit provided such written notification to Local 44. (*Id*. at ¶ 5.) Local 44, however, responded that it had no intention of terminating the CBA. (*Id*. at ¶ 6.)

As a result, on or about April 30, 2013, Summit filed a Complaint for Declaratory Judgment in the Court of Common Pleas of Luzerne County, Pennsylvania. Among other relief, Summit seeks "declaratory relief, enforcing the terms of the collective bargaining agreement and permitting the Plaintiff not to renew the collective bargaining agreement."

(*Id*.)

On June 17, 2013, Local 44 removed the action to this Court. (Doc. 1.) Local 44 contends that federal subject matter jurisdiction over this action exists pursuant to § 301(a) of the LMRA because Summit seeks a judgment interpreting the rights of the parties under a collective bargaining agreement. (*Id*. at ¶ 5.)

On July 16, 2013, Summit filed the instant motion to remand the action to the Court of Common Pleas of Luzerne County. (Doc. 4.) Local 44 filed a brief in opposition on July 23, 2013 (Doc. 7), and Summit filed a reply brief in further support of its motion on August 1, 2013. (Doc. 8.) Thus, the motion to remand is fully briefed and ripe for disposition.

## II. Discussion

### A.  Legal Standard

28 U.S.C. § 1447(c) requires an action to be remanded if "it appears that the district court lacks subject matter jurisdiction." On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991). Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id*. In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)

### B.  Analysis

Summit argues that remand is necessitated in this case because the action does not present federal questions or issues of federal law and does not involve diversity of citizenship. In opposition, however, Local 44 insists that federal subject matter jurisdiction

exists pursuant to Section 301(a) of the LMRA.

>  Section 301(a) provides:
>
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The United States Supreme Court has stated that "[b]y its terms, this provision confers federal subject matter jurisdiction only over '[s]uits for violation of contracts.'" *Textron Lycoming Reciprocating Engine Div. v. United Auto. Workers*, 523 653, 656, 118 S. Ct. 1626, 140 L. Ed. 2d 863 (1998) (quoting 29 U.S.C. § 185(a)). "'Suits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." *Id*. at 657, 118 S. Ct. 1626. Thus, the Court emphasized that § 301(a) refers to suits "filed *because a contract has been violated*." *Id*. (emphasis in original).

"Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n.3, 107 S. Ct. 2161, 95 L. Ed. 2d 791 (1987)). As a result, if § 301 applies to a claim in the complaint, removal is proper. *Briones v. Bon Secours Health Sys.*, 69 F. App'x 530, 534 (3d Cir. 2003) (court must look at the well-pleaded complaint and determine whether the plaintiff pleads an action that requires the interpretation of the collective bargaining agreement); *see, e.g., Tomalski v. Armstrong World Indus., Inc.*, No. 12-cv-140, 2012 WL 1018845, at *1-2 (W.D. Pa. Mar. 26, 2012) (removal proper pursuant to § 301); *Caserta Corp. v. Int'l Union of Painters & Allied Trades, Local 57*, No. 09-539, 2009 WL 1783526, at *3 (W.D. Pa. June 23, 2009) (same).

Here, Summit's Complaint for Declaratory Judgment filed in state court requests court interpretation of the CBA. As stated in the Complaint for Declaratory Judgment:

> This Court has the authority *to interpret the terms of the agreement and to require the Defendant to honor the [sic] its terms*, thereby permitting the Plaintiff to a [sic] refuse the renewal of the collective bargaining agreement between the parties.

(Doc. 1, Ex. A, ¶ 11 (emphasis added).) Based on its well-pleaded allegations, Summit claims that it terminated the CBA and requests that it not be required to renew the CBA. Resolving whether the CBA was properly terminated and whether Summit was obligated to renew the agreement requires analysis and interpretation of the CBA. *See Caserta Corp.*, 2009 WL 1783526, at *3 ("To ascertain if the plaintiff's termination of the CBA was proper, a Court would have to analyze the CBA."). Furthermore, Summit was accused in this case of violating the CBA by attempting to terminate the agreement, which Local 44 contends was in contravention of Articles XV and X of the CBA. By seeking declaratory relief from this alleged violation, this is a suit "for violation of contracts" within the meaning of § 301. *See J.W. Peters, Inc. v. Bridge, Structural & Reinforcing Iron Workers, Local Union 1*, 398 F.3d 967, 973 (7th Cir. 2005) (finding the plaintiff's request for declaratory relief to be a suit "for violation of contracts" in a case where the plaintiff was accused of violating the terms of the collective bargaining agreement by attempting to terminate the parties' relationship without providing proper notice). Thus, Local 44 properly removed the action to this Court pursuant to § 301 of the LMRA.

### III. Conclusion

For the above stated reasons, Summit's motion to remand will be denied.

An appropriate order follows.

August 26, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

4