**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SUMMIT SHEET METAL, LLC,

     Plaintiff,

       v.

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,
LOCAL UNION NO. 44,

     Defendant.

SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,
LOCAL UNION NO. 44,

     Plaintiff,

       v.

SUMMIT SHEET METAL, LLC,

     Defendant.

**CONSOLIDATED TO:**

CIVIL ACTION NO. 3:CV-13-1623

(JUDGE CAPUTO)

CIVIL ACTION NO. 3:CV-13-2079

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Declaration of Charles W. Johnston ("Mr. Johnston") in Support of Defendant Sheet Metal Workers International Association, Local Union No. 44's ("Local 44") Request for Reasonable Attorneys' Fees and Costs. (Doc. 31.)  At issue in these consolidated actions were whether Plaintiff Summit Sheet Metal, LLC ("Summit") and Local 44 were bound to engage in interest arbitration despite the existence of a non-renewal clause in the parties' collective bargaining agreement.  By Memorandum and Order dated March 28, 2014, I held that Summit was bound by the interest arbitration clause despite its invocation of the non-renewal clause. *See Summit Sheet Metal, LLC v. Sheet Metal Workers' Int'l Ass'n*, No. 13-1623, 2014 WL 1315395, at *12 (M.D. Pa. Mar. 28, 2014), *aff'd*, - - - F. App'x - - -, 2014 WL 6463455 (3d Cir. Nov. 19, 2014).  I also determined that Local

44 was entitled under the terms of the parties' collective bargaining agreement to costs and attorneys' fees incurred in enforcing the arbitration award issued by the National Joint Adjustment Board for the Sheet Metal Industry. *See Summit Sheet Metal*, 2014 WL 1315395, at *13. Thus, Local 44 was ordered to file documentation supporting its request for reasonable attorneys' fees and costs.

Local 44 submitted documentation seeking attorneys' fees in the amount of $4,461.25 (20.75 hours of work at an hourly rate of $215). (Doc. 31.)  In addition, Local 44 requests costs in the amount of $602.78. (*Id.*)  In total, Local 44 seeks costs and attorneys' fees in the amount of $5,064.03.  Although Summit indicated on December 14, 2014 that it would file a response to Mr. Johnston's Declaration within fourteen (14) days (Doc. 35), no such response has been received.  Accordingly, Local 44's request for costs and fees is ripe for consideration.

The request for attorneys' fees in this case is reasonable. In assessing a request for attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  Performing this calculation provides the "lodestar" figure, which is presumed to represent reasonable fees for the matter. *Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).  The party seeking the attorneys' fees has the burden to prove that the requested fees are reasonable, which requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." *Id.* at 1183; *E.E.O.C. v. Fed. Express Corp.*, 537 F. Supp. 2d 700, 721 (M.D. Pa. 2005) (citing *Hensley*, 461 U.S. at 433, 103 S. Ct. 1933).  An hourly rate is reasonable if the fee applicant demonstrates by evidence that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v.*

2

*Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  Here, Local 44's counsel cites to a survey published by Altman Weil, a leading law firm consultant, which found a median hourly rate in 2005 of $195 per hour for associates in the Middle Atlantic region, and a median rate in 2005 of $305 per hour for employee benefits partners. (*Johnston Decl.*, ¶¶ 12-13.)  The Third Circuit Court of Appeals has approved of use of similar surveys in the calculation of reasonable hourly rates.  *See, e.g. Maldonado*, 256 F.3d at 187 (approving the use of the fee schedule established by Community Legal Services, Inc., to determine the reasonableness of hourly rates).  In view of these submissions, an hourly rate of $215 for Mr. Johnston is reasonable.  Moreover, this rate is reasonable given Mr. Johnston's extensive experience representing labor organizations and employee benefit plans. (*Johnston Decl.*, ¶4.)  And, the 20.75 hours spent by Mr. Johnston in enforcing the arbitration award in this case is also reasonable.  Accordingly, Local 44's request for attorneys' fees in the amount of $4,461.25 will be granted.

Lastly, Local 44's request for $602.78 in costs will be awarded.  These costs consist of $400 in filing fees, $137.50 in service fees, and $65.28 in communication costs.

Therefore, the total amount of attorneys' fees and costs to be awarded to Local 44 is $5,064.03.

An appropriate order follows.


January 13, 2015                              /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                              United States District Judge