**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUMMIT SHEET METAL, LLC, | **CONSOLIDATED TO:** |
| Plaintiff, | CIVIL ACTION NO. 3:CV-13-1623 |
| v. | (JUDGE CAPUTO) |
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 44, | |
| Defendant. | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 44, | CIVIL ACTION NO. 3:CV-13-2079 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| SUMMIT SHEET METAL, LLC, | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before me are Summit Sheet Metal, LLC's ("Summit") Motion for Reconsideration (Doc. 40) and Sheet Metal Workers International Association, Local Union No. 44's ("Local 44") Motion to Strike Summit's Motion for Reconsideration. (Doc. 41.) By Memorandum and Order dated January 13, 2015, I granted Local 44 attorneys' fees and costs in the amount of $5,064.03. (Docs. 38; 39.) Summit, by motion filed on January 22, 2015, requested reconsideration of the award of attorneys' fees and costs. (Doc. 40.) Summit's motion for reconsideration, however, was not accompanied by a supporting brief. As such, Local 44 filed its motion to strike and supporting brief on January 29, 2015 (Docs. 41; 42) based on Summit's failure to file a supporting brief in accordance with this Court's Local Rules. Thereafter, on February 2, 2015, Summit filed a brief in support of its motion for reconsideration. (Doc. 43.)

Local 44's motion to strike will be granted.  Middle District of Pennsylvania Local Rule 7.10 provides, in pertinent part: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." M.D. Pa. L.R. 7.10.  Summit failed to comply with the Court's Local Rules as its motion for reconsideration was not accompanied by a supporting brief in accordance with Local Rule 7.10.  Accordingly, Local 44's motion to strike will be granted, and Summit's motion for reconsideration will be stricken from the record.

Moreover, even if Summit complied with Local Rule 7.10, reconsideration would not be warranted.  Reconsideration may be granted if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Summit argues that reconsideration is warranted on the basis that Local 44 should be required to pay its own attorneys' fees pursuant to the American Rule.  Here, however, the parties' contractual agreement expressly authorized fee shifting, thus rendering the award of attorneys' fees and costs in favor of Local 44 appropriate. (Docs. 29; 38.)  Therefore, even if Summit's motion for reconsideration was filed in accordance with the Court's Local Rules, reconsideration would not be warranted.

Accordingly, Local 44's Motion to Strike Summit's Motion for Reconsideration (Doc. 41) is **GRANTED**.  Summit's Motion for Reconsideration (Doc. 40) is **STRICKEN** from the record.

February 17, 2015 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge